IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ronald Bloodworth, | Case No. 3:10 CV 1617 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Khelleh Konteh, et al., | |
| Defendants. | |

*Pro se* Plaintiff Ronald Bloodworth filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC"), Assistant Chief Inspector Don Coble, and the following employees of the Toledo Correctional Institution ("TCI"): Warden Khelleh Konteh; Institutional Inspector Bill Bartleson; Captains Smith, Green, Matthias, Fullenkamp and Potts; Lieutenant Flecha; Corrections Officers Barton, Hatler, Kazek, Milion, Kroggell, Egby, Carwell, Kurt Patrick, Harold, and John Does Nos. 1-8. Plaintiff alleges staff members and inmates at TCI worked together to create sounds to mimic his movements and activities. He seeks monetary damages.

## BACKGROUND

Plaintiff alleges the Defendants used hidden video surveillance to continually monitor his movements, and to create loud sounds in order to harass him. He claims Defendants also used other inmates to produce these noises. Each time he filed grievances concerning these incidents, he was referred to the mental health department.

Plaintiff lists numerous examples of these incidents, many similar. The Court will describe several allegations which represent the substance of the Complaint. For example, Plaintiff claims

when he opened his eyes in the morning, an officer simultaneously opened the day room door. When he got out of bed, the officer closed the day room door. He claims an inmate closed the ice machine door when he undressed, and another inmate slammed the microwave door when he stepped into the shower. He states an officer opened and closed the day room door when he placed soap on a wash cloth. When he stepped out of the shower, an inmate dropped a dust pan. When he began to dress, an inmate in his unit slammed a microwave door. He closed his eyes to nap and an inmate in his unit closed the dryer door. He states each time he performed his duties as a porter by washing the shower walls, an officer opened the day room door, or an inmate slammed a microwave door. He threw water on the floor, and an inmate loudly shut a door. When he placed the mop bucket on the floor, another inmate slammed a microwave door. In his cell, he changed channels on his television and a loud clinking noise occurred in the day room. When the television program changed to a commercial, the telephone rang and an announcement was made over the public address system. On one occasion when he changed the television channel, an inmate in the adjacent cell used the sink. When the lights were turned off, the ice machine made a loud sound. Plaintiff alleges these sounds were purposefully created to harass him.

Plaintiff contends similar incidents occurred when he wrote grievances. He claims he picked up an ink pen and an inmate closed a microwave door. He started to write and an officer closed a door. He wrote a sentence and an inmate walked by his cell. He completed a word and the telephone in the unit rang. When he completed a paragraph, a loud bang came from the day room. He finished composing an informal complaint and the pill call announcement came over the public address system. After finishing another grievance, an inmate yelled to another inmate.

Plaintiff also alleges Defendants could monitor his internal body functions. He states he experienced a sharp pain in his abdomen and an officer loudly closed a door in the unit. He felt he needed to use the restroom and an inmate walked by his cell. He claims he held his breath numerous times, and each time, an officer closed a door, an inmate operated a microwave, or an officer delivered an announcement over the public address system.

Plaintiff lists five counts for relief. In Count I, he claims Defendants exploited technology to invade and closely observe the interior of his body. He contends they intentionally caused him to experience stomach pains and other conditions and coordinated noises throughout the prison to coincide with these internal sensations. In Count II, he claims Defendants used technology to unreasonably search and observe his body. In Count III, Plaintiff claims Defendants observed his body and his bodily functions in violation of the Eighth Amendment. Plaintiff asserts the denial of substantive due process in Count IV of his Complaint. Finally, in Count V, Plaintiff claims the supervisors named in the Complaint can be held liable for the actions of their employees under a theory of *respondeat superior*.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). When reviewing a complaint under Section 1915(e), the court must generally accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d

559, 561 (6th Cir.1998). The court, however, is not required to accept without question all allegations in a complaint in every situation. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). An action has no arguable factual basis when the allegations are delusional, wholly incredible, or irrational. *Id.*

The allegations summarized above are irrational and delusional. *Id.* at 33. The claims that Defendants deliberately made sounds when Plaintiff performed daily functions of dressing and changing, even blinking his eyes or picking up pencils, are incredulous. The claims that Defendants used covert technology to invade his body and monitor his internal and external functions are likewise beyond the pale. Such claims cannot warrant relief under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                         s/ *Jack Zouhary*
                                         JACK ZOUHARY
                                         U. S. DISTRICT JUDGE

                                         November 18, 2010